**ÆTNA CASUALTY & SURETY CO. v. CARR.**

No. 13099.

Court of Civil Appeals of Texas. Dallas.

Nov. 7, 1941.

Rehearing Denied Dec. 5, 1941.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

Wright K. Smith, of Dallas, for appellee.

BOND, Chief Justice.

This is a suit for workmen's compensation. Appellee alleged that, on the 26th day of April, 1939, he received accidental injury in the course of his employment, which resulted in a hernia, necessitating an immediate operation. On the date of the accident, he gave notice of the injury to his employer and, on May 24, 1939, gave notice to appellant, the insurance carrier, requesting an operation. The insurance carrier denied liability and refused to furnish medical aid, hospital service and medicine; thus, without further certifying his condition to his employer, insurance carrier, or the State Industrial Accident Board, he submitted to an operation on May 25, 1939. The operation was successful; therefore, liability was limited to the specific injury of hernia, which entitled him to allowable minimum compensation for such injury.

The trial court, on jury findings, rendered judgment for claimant (appellee) for twenty-six (26) weeks' compensation at the rate of $10.50 per week, plus $397.50 for medical aid and hospital service incurred by reason of the operation. Appellant filed motion to reform the judgment by excluding the medical and hospital expenses, and here presents assignments of error challenging claimant's right to recover such expenses, on the ground that they were incurred more than four weeks after the infliction of injury, and without the injured employe first complying with the provisions of Sec. 7 of Art. 8306, Revised Civil Statutes of Texas.

There is no controversy as to the facts: On April 26, 1939, appellee received the injury, which resulted in hernia, in the course of his employment; notice of injury was immediately given to his employer and on May 24, 1939, the appellant insurance carrier was fully advised of the injury and the necessity for an immediate operation. Appellant denied liability and refused to furnish medical aid, whereupon the claimant and his own physicians, deeming an immediate operation imperative, took the initiative and had the operation performed on May 25, 1939, at the employe's risk. The operation was successful.

Section 12b, Art. 8306 of the Workmen's Compensation Act (Vernon'sCiv.St.Arts. 8306–8309), covers the question of surgical treatment for hernia where liability exists on the part of the insurer. The provision reads: "In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation." This section makes a complete provision with reference to hernia, and contains no limitation as to the time within which such expenses shall be incurred. The operation having been successful, and the injuries limited to the specific hernia injury, such injury is not governed by Sec. 7, Art. 8306, supra, as contended by appellant. If the operation had proven unsuccessful, or if a general injury had resulted from the hernia, it might be said that such condition would fall under the general injury provisions of the statute. In the instant case, however, the insurer's liability for hernia existed, and the insurance company having refused the injured employe medical aid, we think he was authorized to provide such aid at the insurer's expense.

The judgment of the court below is affirmed.